JOSEPH H. HARRINGTON
Acting United States Attorney
Eastern District of Washington
Laurel J. Holland
David M. Herzog
Assistant United States Attorneys
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 19 2017

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

RYAN WADE ALEXANDER,

Defendant.

NO. 4:17-CR-6035-SMJ

INDICTMENT

Ct. 1: 18 U.S.C. § 2251(a)
Attempted Production of Child Pornography

Ct. 2: 18 U.S.C. § 2422(b)
Attempted Enticement of a Minor

Ct. 3: 18 U.S.C. § 2251(a)
Production of Child Pornography

Ct. 4: 18 U.S.C. § 2252A(a)(2)(A)
Receipt of Child Pornography

Ct. 5: 18 U.S.C. § 2252A(a)(2)(A)
Distribution of Child Pornography

Ct. 6: 18 U.S.C. § 2252A(a)(5)(B)
Possession of Child Pornography

Notice of Criminal Forfeiture Allegations

The Grand Jury charges that:

## COUNT 1

Beginning on or about December 20, 2016, and continuing through on or about January 11, 2017, in the Eastern District of Washington and elsewhere, the Defendant, RYAN WADE ALEXANDER, did knowingly attempt to employ, use, persuade,

1

induce, entice, and coerce Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transmitted using any means and facility of interstate commerce and using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT 2

Beginning on or about December 21, 2016, and continuing through on or about February 7, 2017, in the Eastern District of Washington and elsewhere, the Defendant, RYAN WADE ALEXANDER, did unlawfully and knowingly use any facility and means of interstate and foreign commerce, namely, the Internet and a cellular telephone, to attempt to persuade, induce, entice, and coerce any individual who had not attained the age of 18 years, to wit, Minor Victim 1, to engage in any sexual activity for which any person can be charged with a criminal offense, including Sexual Exploitation of a Minor, in violation of Revised Code of Washington 9.68A.040, and attempt to do so, all in violation of 18 U.S.C. § 2422(b).

## COUNT 3

On or about November 1, 2016, and continuing through on or about January 26, 2017, in the Eastern District of Washington and elsewhere, the Defendant, RYAN WADE ALEXANDER, did knowingly employ, use, persuade, induce, entice, and coerce Minor Victim 2, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transmitted using any means and facility of interstate commerce and using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a) and (e).

### COUNT 4

Beginning on or about January 24, 2017, and continuing through on or about February 10, 2017, in the Eastern District of Washington and elsewhere, the Defendant, RYAN WADE ALEXANDER, did knowingly receive child pornography, as defined in 18 U.S.C. § 2256(8)(A), that had been mailed, shipped and transported in interstate commerce by any means, including by computer, to wit: videos and still images depicting minor and prepubescent children engaging in sexually explicit conduct including but not limited to actual and simulated intercourse, and the lascivious exhibition of the genitals and pubic area, in violation of 18 U.S.C. § 2252(a)(2)(A).

### COUNT 5

On or about February 10, 2017, within the Eastern District of Washington and elsewhere, the Defendant, RYAN WADE ALEXANDER, did knowingly distribute child pornography, as defined in 18 U.S.C. § 2256(8)(A), that had been mailed, shipped and transported in interstate commerce by any means, including by computer, to wit: still image files depicting minor and prepubescent children engaging in sexually explicit conduct including but not limited to the lascivious exhibition of the genitals and pubic area, in violation of 18 U.S.C. § 2252A(a)(2).

### COUNT 6

On or about February 10, 2017, in the Eastern District of Washington and elsewhere, the Defendant, RYAN WADE ALEXANDER, did knowingly possess material which contained one or more visual depictions of child pornography, as defined in 18 U.S.C. § 2256(8)(A), the production of which involved the use of a minor who had not attained 12 years of age, engaging in sexually explicit conduct, and which visual depictions were of such conduct; that has been mailed, shipped and transported in interstate and foreign commerce, and which was produced using materials which had been mailed, shipped, or transported in interstate or foreign commerce, by any means including computer, all in violation of 18 U.S.C. § 2252(a)(5)(B).

3

## NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

1.    The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 2253 and 18 U.S.C. § 2428.

2.    Pursuant to 18 U.S.C. § 2253, upon conviction of an offense(s) in violation of 18 U.S.C. §§ 2251, 2252A as charged in this Indictment, Defendant, RYAN WADE ALEXANDER, shall forfeit to the United States of America any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property.

3.    If any of the property described above, as a result of any act or omission of the defendant[s]:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

4.    Pursuant to 18 U.S.C. § 2428, upon conviction of an offense(s) in violation of 18 U.S.C. § 2422 as charged in this Indictment, the Defendant, RYAN

WADE ALEXANDER, shall forfeit to the United States of America, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense(s) and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense(s).

If any of the property described above, as a result of any act or omission of the defendant[s]:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

DATED: September 19, 2017         A TRUE BILL

                                  Presiding Juror

JOSEPH H. HARRINGTON
Acting United States Attorney

Laurel J. Holland
Assistant United States Attorney

David M. Herzog
Assistant United States Attorney