Joseph H. Harrington
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN WADE ALEXANDER,<br><br>Defendant. | No. 4:17-CR-6035-SMJ-1<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Sentencing Hearing:<br>July 18, 2019, at 10:30 a.m.<br>Richland, Washington<br><br>Victim Impact Statements Attached to PSR<br><br>Court:<br>Hon. Salvador Mendoza, Jr.<br>United States District Judge |

Plaintiff United States of America, by and through Joseph A. Harrington, United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney for the Eastern District of Washington, hereby submits the following Sentencing Memorandum with regard to Defendant Ryan Wade Alexander ("Defendant").

1

2

3    Pursuant to the Rule 11(c)(1)(C) plea agreement in this case (ECF No. 39), the

United States recommends the following sentence: twenty-five years in custody, a

4    lifetime of supervised release, no fine, restitution as requested by Defendant's victims

5    (up to $75,000), a mandatory special assessment of $300 and a $5,000 special

6    assessment absent a finding of indigence by the Court.

7        The United States' sentencing position is based upon the attached memorandum

8    of points and authorities, the victim impact statements, the restitution requests made by

9    

10   victims, the files and records in this case, and such further evidence and argument as the

11   Court may permit.

12       Dated:  June 27, 2019

13

14                                              Joseph H. Harrington

15                                              United States Attorney

16                                              _s/ David M. Herzog_

17                                              David M. Herzog

18                                              Assistant United States Attorney

19

20

21

22

23

24

25

26

27

28

United States' Sentencing Position – Ryan Wade Alexander – page ii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction

On April 12, 2018, pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C), Ryan Wade Alexander ("Defendant"), pleaded guilty to three of the six counts alleged in the Indictment filed on September 19, 2017.  (ECF Nos. 1, 36, 39.) Specifically, Defendant pled guilty to Attempted Production of Child Pornography (Count 1), in violation of 18 U.S.C. § 2251(a), Production of Child Pornography (Count 3), in violation of 18 U.S.C. § 2251(a), and Distribution of Child Pornography (Count 5), in violation of 18 U.S.C. § 2252A(a)(2)(A).  The Court accepted Defendant's guilty plea, withheld acceptance of the Rule 11 nature of the Plea Agreement pending review of the Presentence Investigation Report ("PSR"), and, after several continuances, set the matter for sentencing on July 18, 2019, in Richland, Washington.

## II.    Facts

The facts are set forth in the *Factual Basis and Statement of Facts* section of the plea agreement (ECF No. 39, ¶ 5) and the *Offense Conduct* section of the PSR.  (ECF No. 66, ¶¶ 8-43.)  The United States has no objections to the PSR.  Defendant's conduct consisted of ongoing and egregious sexual abuse of minors in 2016 and 2017: he solicited explicit images from minors; he sent explicit images of himself to minors; he drugged minors; he engaged in sex with at least one minor and communicated about sex with many others in graphic detail; he used images of one minor to entice a different minor to send him illicit images; he threatened and tried to extort a minor when the

minor's mother confiscated marijuana that Defendant had given the minor; and he trafficked in and collected child pornography, including sexual images depicting violence, sadomasochism, toddlers, and infants. Troublingly, Defendant engaged in all of this conduct in the Tri-Cities *after* fleeing from Oregon in 2016 following the discovery of hundreds of images of child pornography on devices Defendant owned and used in Oregon. (ECF No. 66, ¶¶ 96-100.) After Defendant's arrest in this case, officers recovered a variety of illegal drugs and more than 250 still images and videos of child abuse, many of which appeared to have been created or solicited by Defendant. Some of Defendant's victims have submitted victim impact statements that are attached to the PSR. Defendant was charged with encouraging child sexual abuse in Oregon; the global Plea Agreement resolves all of Defendant's criminal liability for his sexual misconduct.

**III.    Analysis of the Plea Agreement and Presentence Report**

The federal and state prosecutors in Defendant's cases have consulted with Defendant's victims and recognize the equities, including striking a balance between obviating the need for cross-examination of minor victims with the possibility of a longer sentence upon conviction at trial. The United States has come to an agreement with Defendant's federal and state defense counsel and Defendant that the following sentence is appropriate, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C): twenty to twenty-five years in custody on the federal charges to which he is pleading guilty, and 45 months on the Oregon charges, all to be served concurrently, followed by a lifetime of supervised release. (ECF No. 39, ¶¶ 1, 2, 3, 8).

For purposes of calculating the appropriate range under the United States Sentencing Guidelines (the "Guidelines"), the United States concurs with the United States Probation Officer that Defendant's final adjusted offense level is Level 43. (ECF No. 66, ¶¶ 44-79.) Prior to the offense level cap imposed by the Guidelines, Defendant's offense level is 46; his misconduct is literally off the charts. (*Id.*) The Probation Officer concluded that Defendant has one criminal history point, placing him in Criminal History Category I. (ECF No. 66, ¶ 87.) Defendant's applicable Guidelines range is life imprisonment. (ECF No. 66, ¶ 146.)

## IV.    The United States' Sentencing Recommendation

In light of the Plea Agreement, Federal Rule of Criminal Procedure 11, the United States Sentencing Guidelines, and the factors set forth at 18 U.S.C. § 3553, the United States respectfully recommends a twenty-five year term of imprisonment on Counts 1 and 3, and a twenty year term of imprisonment on Count 5, to be served concurrently, and to be followed by a lifetime term of supervised release. The United States recommends no fine, restitution, and special assessments of $300 (mandatory) and $5,000 (absent a finding of indigence by the Court).

The United States respectfully submits that such a sentence is appropriate in light of the factors set forth at 18 U.S.C. § 3553. A twenty-five year sentence is necessary given the severity of Defendant's conduct, but is no longer than necessary to achieve the statutory goals of sentencing, including just punishment, deterrence, and the protection of the community—particularly the young men and boys of Eastern Washington.

United States' Sentencing Position – Ryan Wade Alexander – page 3

### A.    The Nature and Seriousness of the Offense

It is difficult to comprehend – or overstate – the manipulative egregiousness of Defendant's conduct.  Defendant is a predator.  Not only did he engage in illicit sexual conduct with minors and drug them, he memorialized for posterity images of child abuse that he took, solicited, received, and possessed.  Defendant's conduct demands twenty-five years of incarceration followed by a lifetime of supervised release; his sexual interest in minor boys is insatiable and longstanding.  The sordid facts demonstrate that he would stop at nothing to satisfy his own sexual desires, regardless of the physical, psychological, and emotional consequences to his victims.

The investigation into Defendant began when the mother of Minor Victim 1 reported to local law enforcement that her son was receiving threatening text messages from Defendant.  The threats related to a quantity of marijuana that Defendant, then a 32-year old man, had provided to Minor Victim 1, a 14-year-old boy, to sell.  Defendant's threats, as reported by Minor Victim 1 and his mother, were disturbing, and were later corroborated by text messages that law enforcement officers located on Minor Victim 1's cellular telephone.

Officers would come to learn that Defendant's threats to Minor Victim 1 were consistent with the manipulative and coercive manner in which Defendant met and subsequently used minor boys to satisfy his sexual proclivities.  Defendant met both Minor Victim 1 and Minor Victim 2 on a website used by males seeking other males for sex.  In both instances, Defendant knew that the boys were younger than 18, but that did

United States' Sentencing Position – Ryan Wade Alexander – page 4

not dissuade Defendant in the least; to the contrary, seeking out minor boys for illicit

sexual activity was Defendant's goal.  Chillingly, Defendant told Minor Victim 1 that

the victim's true age "need[ed] to stay between [them]" and specifically instructed

Minor Victim 1 to represent that he was 18 years old if anyone asked.  (ECF 39 at p. 10.)

Defendant continued to communicate with Minor Victims 1 and 2 in graphic

sexual terms, and ultimately requested and received child pornography depicting both

boys.  Minor Victim 1 told Defendant that he was a minor in only the *fourth* text

message Minor Victim 1 sent Defendant.  Upon learning that this boy was a minor,

Defendant did not terminate contact with Minor Victim 1; instead, he invited Minor

Victim 1 to his residence.  It is clear from the text message communications between

Minor Victim 1 and Defendant that Defendant used marijuana and partying as methods

to draw Minor Victim 1 into an ersatz relationship, exploiting Minor Victim 1's age and

maturity level.  Defendant then sought sexual contact with Minor Victim 1, as well as

child pornography images depicting Minor Victim 1's genitalia.  In the thousands of text

messages between Defendant and Minor Victim 1, Defendant's intentions are clear and

unmistakable - he wanted to engage in sexual intercourse with Minor Victim 1 and

obtain child pornography images of Minor Victim 1.

When he was apprehended by law enforcement and confronted with the content of

the text messages between himself and Minor Victim 1, Defendant claimed he was

trying to demonstrate the dangers of meeting older men online.  This was an outrageous

and bald-faced lie.  As the record demonstrates, Defendant *himself* was the older,

dangerous man from whom Minor Victim 1 needed – and still needs – genuine

protection. Defendant's actions were utterly devoid of any attempt to "save" Minor

Victim 1 from the ills of predatory adult men. To the contrary, Defendant *was* the

predatory adult man who sought out Minor Victim 1 to manipulate and use for his own

sexual gratification, giving Minor Victim 1 drugs and convincing him to provide

Defendant with images of child pornography.

Defendant's appetite for minor boys was as relentless as it was voracious, and his

manipulations are amply demonstrated by the manner in which he pursued Minor Victim

2. Defendant met Minor Victim 2 on the same social media platform he had

successfully used to seduce Minor Victim 1. Defendant attempted to use the same type

of enticement with Minor Victim 2 that he used with Minor Victim 1, despite being

aware that Minor Victim 2 was also a minor. When Minor Victim 2 became

uncomfortable with Defendant's communications and blocked him on social media

applications, Defendant devised another scheme to obtain child pornography images

from the minor boy. *Defendant held himself out to be Minor Victim 1*, a male similar in

age to Minor Victim 2, sending photos of Minor Victim 1 to Minor Victim 2, to confirm

Defendant's fraudulent identity. Posing as Minor Victim 1, Defendant then sought and

successfully obtained child pornography images from Minor Victim 2.

This grooming conduct is deceitful and abhorrent, and speaks to Defendant's

cunning and predatory skill with minor boys. Defendant's continued representations to

law enforcement that his conduct can be explained by an earnest desire to help minor

United States' Sentencing Position – Ryan Wade Alexander – page 6

boys in the Tri-Cities area stands in stark contrast to the evidence amassed by investigators in this case, and Defendant's own statements.  During his interview with investigators on March 3, 2017, Defendant admitted to his communications with, and nude photographs of, a least three minors, including Minor Victims 1 and 2.

Ever the manipulator, Defendant attempted to explain away his possession and subsequent receipt and distribution of child pornography images in an interview with law enforcement officials.  Defendant claimed he had "inadvertently" downloaded child pornography, was "grossed" out by it, and only saved such images to provide to law enforcement.  There is, of course, absolutely no evidence *anywhere* – not in any text message, chat, or email – that Defendant was in fact some kind of one-man-Non-Governmental-Organization.  His claim that he saved child pornography to give it to the police was exactly as true as his claim that he sought out minor boys to protect them from predatory adults: that is, it was a lie.

Defendant's prior conduct in Oregon, his conduct once he moved back to Washington, and the forensic evidence completely belie these falsehoods.  The forensic review of Defendant's devices and examination of his Dropbox account show that he possessed hundreds of images and videos of child pornography, including images of Minor Victims 1 and 2.  The account information associated with Defendant's Dropbox account showed that he *continued* to add and remove child pornography videos and images to the account *after the first search warrant was executed at his residence*.  It is truly astonishing – and speaks volumes about Defendant's ravenous sexual interest in

minor boys – that even after being contacted by law enforcement about his illicit relationship with Minor Victim 1, Defendant *continued* to seek out child pornography.

Defendant's personal history further corroborates his interest in child pornography and minor boys.  As set forth in the Plea Agreement and the PSR, Defendant faces child pornography charges in Oregon from 2016.  In that case, Defendant's roommates discovered child pornography on his computer.  Defendant subsequently fled the area to return to the Eastern District of Washington, where he continued to engage in criminal conduct relating to the sexual exploitation of children.

Defendant's conduct warrants a lengthy term of incarceration commensurate with the seriousness of his crimes, including a twenty-five year term of imprisonment on Counts 1 and 3, and a twenty-year term of imprisonment on Count 5, to be served concurrently and followed by a lifetime of supervised release.

## B.    Defendant's Personal History and Characteristics

Defendant's personal history and characteristics do not absolve him of responsibility for his actions; the difficulties of his upbringing and his own sexual abuse do not erase or balance out *his* sexual interest in minors.  The United States has compassion for all victims of child sexual abuse, including Defendant, but to the extent that Defendant's conduct in this case is in any way rooted in his own sexual victimization, it is difficult not to conclude that Defendant was in a perfect position to know how destructive it is to a person's physical, psychological, and emotional landscape to be sexually traumatized as a child.

Likewise, having minimal countable adult criminal history erases neither Defendant's sexual interest in minors, nor the hideousness of his actions.  To the contrary, unlike many Defendants before this Court, Defendant was educated and employable.  He had opportunities to make better decisions, but he squandered them because of his relentless sexual interest in minors.  The United States sees no significant mitigating factors, and submits that twenty-five years in custody is appropriate.

### C.    Just Punishment and Respect for the Law

Defendant's repeated, egregious exploitation of minors conduct speaks for itself, and demands serious punishment.  The only mechanism for creating accountability in this process is the sentence imposed by this Court.  As the victim impact statements from the child pornography series victims and the obvious trauma to Minor Victims 1 and 2 demonstrate, Defendant's victims cry out for justice from this Court.

In considering what constitutes just punishment, the United States submits that it is appropriate for this Court to consider the breadth and scope of Defendant's conduct. Defendant engaged in ongoing child pornography offenses for *years* and solicited child pornography from multiple minor boys in the Eastern District of Washington, after doing the same thing in Oregon.  Defendant used marijuana and manipulation to gain access and trust, all in hopes of violating Minor Victims 1 and 2.

A twenty-five year term of imprisonment and lifetime of supervised release appropriately reflect the serious nature of the offenses committed by Defendant, will provide just punishment, and will promote respect for the law.

### D.    Deterrence

Defendant's pervasive pattern of exploitative conduct against minor boys is significant.  There is nothing more clear in this case than the fact that Defendant is not specifically deterrable: on multiple occasions, after law enforcement put him on notice that he had been caught engaging in child exploitation conduct (by executing search warrants at *different* residences in Oregon and Washington for child pornography), Defendant continued to engage in the same conduct unabated and undeterred.

In 2016, Defendant got caught with a significant amount of child exploitation material in Oregon and fled the jurisdiction after his home was searched and his digital devices were seized.  He then returned to Washington, where he was initially investigated and contacted by law enforcement on February 10, 2017, in connection with his illicit conduct with Minor Victim 1.  Defendant was booked into jail on a state controlled substances offense, but was released thereafter.  On March 3, 2017, law enforcement executed a second search warrant at Defendant's residence and arrested Defendant on state charges relating to child pornography.  Officers would later discover in Defendant's Dropbox account activity that Defendant continued to access the account after his initial arrest on February 10, 2017, deleting and adding child pornography files on February 17, 2017, and March 3, 2017.  This continued and repetitive pattern of behavior – continuing to engage in child sexual exploitation conduct despite having been caught doing so – demonstrates the need for a lengthy sentence to accomplish adequate deterrence.

The United States submits that a twenty-five year term of imprisonment followed by a lifetime term of supervised release is necessary to afford specific deterrence to Defendant and general deterrence to others in the community who would perpetrate such crimes; they will learn from this Court's sentence what the consequences of that conduct should be.  Only if people with active sexual interests in minors know that they may go to federal prison for a long time will they be disincentivized from acting on their worst impulses.  Twenty-five years is necessary in this case to create a true deterrent effect.

### E.    Protection of the Public

Defendant unquestionably presents a danger to the community, and will for a long time.  A sentence of twenty-five years is necessary because it will protect the minors in Eastern Washington for a significant period, and a lifetime of supervised release is appropriate here, given the need for ongoing monitoring of Defendant's conduct.

During the course of multiple interviews with law enforcement, Defendant claimed that he contacted minor boys in an effort to help them and protect them from those in the community that would do them harm.  But Defendant's own actions prove what a lie that was.  Defendant sought out minor boys time and time again, requesting pornographic images of them.  Defendant went to great lengths to obtain his child pornography images, even disguising his own identity by pretending to be Minor Victim 1 for the sole purpose of convincing Minor Victim 2 to send him the pornographic images of Minor Victim 2 that Defendant craved.

Defendant also went to great lengths to *continue* to procure and distribute child pornography after being contacted by law enforcement.  As set forth above, Defendant came to the Eastern District while he was being investigated for child pornography crimes in Oregon.  During the initial search warrant at his residence in February of 2017, the cell phone Defendant had used to contact Minor Victim 1 and download child pornography was located under a door adjacent to Defendant's bedroom.  After Defendant's release from jail in February of 2017, he continued to access his Dropbox account that was determined to be comprised almost entirely of child pornography.  Due to Defendant's continued criminal activity, a twenty-five year term of imprisonment (as to Counts 1 and 3) is imperative to protect the community from Defendant.

For the same reason, the United States also recommends a lifetime term of supervised release as agreed to by the parties in the Plea Agreement.  (ECF No. 39, ¶ 10.)   The United States is concerned by the recidivism rate for sex offenders generally. *See* Dept. of Justice, *Bureau of Justice Statistics*, P. Langan, E. Schmitt, & M. Durose, Recidivism of Sex Offenders Released in 1994, p. 1 (Nov. 2003) (reporting that compared to non-sex offenders, released sex offenders were four times more likely to be rearrested for a sex crime, and that within the first three years following release 5.3% of released sex offenders were rearrested for a sex crime); *Smith v. Doe*, 538 U.S. 84, 104 (2003) ("The risk of recidivism posed by sex offenders is 'frightening and high.'") (quoting *McKune v. Lile*, 536 U.S. 24, 34 (2002)).

The United States Sentencing Guidelines also support a life term of supervised release.  Under U.S.S.G. § 5D1.2(b), "[i]f the instant offense of conviction is a sex offense . . . the statutory maximum term of supervised release is recommended."  The statutory maximum term of supervised release is life.  (ECF No. 66, ¶¶ 148, 150.)

### F.     Avoidance of Unwarranted Sentencing Disparities

Mindful that the Guidelines must be "the starting point and the initial benchmark," *United States v. Carty,* 520 F.3d 984, 991–92 (9th Cir. 2008), the United States submits that a sentence of twenty-five years is appropriate in this case.  It is significantly beneath the life sentence recommended by the Guidelines, and is the result of a complicated global plea agreement with state authorities that prevents Defendant's victims from having to face cross-examination before a roomful of strangers about the horrendous sexual trauma that Defendant visited upon them.

Twenty-five years for Defendant's sexual abuse of minors is consistent with the sentences imposed on similarly-situated Defendants in this District, including Zayne Barbre, whom this Court recently sentenced to twenty-eight years in light of his repeated hands-on conduct and production of child pornography.  *See* ECF No. 55, Judgment and Commitment Order, *United States v. Barbre*, Criminal Case No. 4:17-CR-6040-SMJ-1.

Twenty-five years – but no less – is necessary and fair in light of all of the circumstances.  The United States urges the Court to accept the Rule 11(c)(1)(C) Plea Agreement and impose a sentence consistent with it.

### G.    Fine, Special Penalty Assessment, Restitution, and Forfeiture

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.  (ECF No. 39, ¶ 9).  The Probation Officer has analyzed Defendant's financial condition and has concluded that he does not have the financial means, assets, and/or resources available to reasonably make payment on a fine.  (ECF No. 66, ¶¶ 140-44).  Accordingly, the United States does not seek a fine.

A $300 special assessment is mandatory.

The United States defers to the Court regarding Defendant's indigence and the applicability of the $5,000 Special Assessment pursuant to the Justice for Victims of Trafficking Act of 2015.

A preliminary order of forfeiture has been submitted to the Court.  (ECF No. 38.)

The United States recommends restitution consistent with the PSR and restitution requests, up to $75,000.  (ECF No. 66, ¶ 187.)  Restitution requests and victim impact statements have been submitted to the United States Probation Office for inclusion with the PSR.  If the United States receives additional restitution requests or victim impact statements before sentencing, the United States will submit them to the Court and counsel.

## V.    Conclusion

The United States recommends that the Court accept the Rule 11(c)(1)(C) Plea Agreement, apply a total offense level of 43, and conclude that Defendant is in Criminal History Category I, yielding a Guidelines range of life in prison.  Pursuant to the Plea Agreement, the United States recommends a sentence of twenty-five years of imprisonment for Attempted Production and Production of Child Pornography (Counts 1 and 3), and a twenty-year term of imprisonment for Distribution of Child Pornography (Count 5), to run concurrently, followed by a lifetime term of supervised release.

Dated: June 27, 2019                                    Joseph H. Harrington
                                                        United States Attorney

                                                        *s/ David M. Herzog*
                                                        David M. Herzog
                                                        Assistant United States Attorney

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 27, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF System which will send notification of such filing

to Defendant's counsel of record using the CM/ECF system.


*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney