FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 04, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>RYAN WADE ALEXANDER,<br><br>                Defendant. | No.   4:17-cr-06035-SMJ<br><br>**ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA** |

On October 31, 2019 and November 4, 2019, the Court heard oral argument on Defendant's Motion to Withdraw Guilty Plea, ECF No. 114. At the conclusion of the hearing, the Court ruled orally, denying the motion. *Id*. This order memorializes and supplements the Court's oral ruling.

**BACKGROUND**

Defendant was charged with numerous counts of production, distribution, and receipt of child pornography, as well as attempted enticement of a minor. ECF No. 1. Defendant faced similar felony charges in the State of Oregon. *See* ECF No. 39. On April 12, 2018, the Court held a change of plea hearing. ECF No. 36 at 1. Defendant appeared and was represented by prior defense counsel. *Id.* Defendant agreed to plead guilty to Counts One, Three, and Five of the indictment as part of a

ORDER MEMORIALIZING COURT'S RULING ON DEFENDANT'S
MOTION TO CONTINUE SENTENCING **-** 1

global resolution of the state and federal charges. *Id.* The parties agreed, under Federal Rule of Criminal Procedure 11(c)(1)(C), to recommend a sentence of between twenty- and twenty-five-years' imprisonment. ECF No. 39 at 18.

At the change of plea hearing, the Court twice administered an oath to Defendant. ECF No. 60-1 at 8–9. The Court explained the purpose of placing Defendant under oath was "to get at the truth" and "to get at whether or not [he] really want[ed] to plead guilty." *Id.* at 9. The Court warned Defendant of the importance of answering honestly, which Defendant confirmed he understood. *Id.* at 9–10. The Court advised Defendant he could seek clarification or suspend the proceedings at any time, for any reason, and that he did not have to plead guilty. *Id.* at 10. Defendant stated he understood these things. *Id.*

The Court then asked Defendant if he was taking any medication that would affect his ability to understand the proceedings. *Id.* at 11. Defendant answered, "I do take medication, but it does not affect my decision." *Id.* The Court asked Defendant if he was currently under the influence of drugs or alcohol. *Id.* Defendant answered, "just the prescriptions that are provided to me by the doctor." *Id.* The Court again asked Defendant if those medications would impair his "ability to understand the proceedings," and Defendant answered "no." *Id.* at 11–12.

After Defendant confirmed he understood the rights he relinquished by pleading guilty, the Court told Defendant the following:

ORDER MEMORIALIZING COURT'S RULING ON DEFENDANT'S
MOTION TO CONTINUE SENTENCING **-** 2

> THE COURT: Now, you could tell me even right now that, you know, you've just been thinking about it, it's been bugging you; you just realized it this very second that you don't want to do this. You just decided at this very second right now, when you're standing in front of me, that you don't want to do this; that you don't want to plead guilty. You have a right not to go forward. I want to make sure you understand that.
>
> THE DEFENDANT: I do.
>
> THE COURT: Do you understand that?
>
> THE DEFENDANT: Yeah, I understand that.
>
> THE COURT: Understanding that, do you still wish to go forward with this plea today?
>
> THE DEFENDANT: Yes.

*Id.* at 20–21. Defendant agreed that if the case went to trial, the Government could prove the facts underlying his guilty plea beyond a reasonable doubt, and that this belief formed the basis for his decision to plead guilty. *Id.* at 21. Defendant also confirmed he was satisfied with the services he had received from his attorney to that point. *Id.* at 28. After Defendant entered his formal guilty plea to each of the three counts, the Court asked him the following:

> THE COURT: Sir, is anyone forcing you to plead guilty today?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you making this plea freely and voluntarily?
>
> THE DEFENDANT: Yes.

ORDER MEMORIALIZING COURT'S RULING ON DEFENDANT'S MOTION TO CONTINUE SENTENCING - 3

> THE COURT: This is your decision?
>
> THE DEFENDANT: Yes, it is.
>
> THE COURT: It's not your attorney's decision or the Government's decision; is that correct?
>
> THE DEFENDANT: That is correct.

*Id.* at 30. Accordingly, the Court found that Defendant's plea was entered "freely and voluntarily, [and] knowingly." *Id.* at 32. With that, the Court scheduled sentencing and the hearing was adjourned. *Id.*

Four months later, Defendant moved to withdraw his guilty plea. ECF No. 48. He claimed that at the time of the hearing, "both his physical pain and the medications he was taking[] had an effect on his ability to make a knowing, intelligent, and voluntary decision regarding his plea." *Id.* at 4. He also argued that his attorney pressured him to plead guilty even though his pain made it impossible to do so voluntarily. *Id.* at 5. The Court permitted Defendant's attorney to withdraw and appointed new counsel. ECF No. 54. The Government responded to Defendant's motion, and the matter was set for hearing. *See* ECF Nos. 58, 60. At that hearing, Defendant appeared and orally moved to strike the motion, a request the Court granted. ECF No. 65.

Ten and a half months later, Defendant submitted a handwritten motion to "dismiss pull/remove plea," which the Court construed as another motion to withdraw his guilty plea. ECF No. 93 at 1. Without reaching the merits of the

ORDER MEMORIALIZING COURT'S RULING ON DEFENDANT'S
MOTION TO CONTINUE SENTENCING **-** 4

construed motion, the Court struck it as improperly filed *pro se* while Defendant was represented by counsel. ECF No. 97. Defendant's attorney at the time was subsequently terminated and the Court appointed Defendant's present counsel. ECF No. 106.

Two months later, Defendant moved again to withdraw his guilty plea, this time through his attorney. ECF No. 114. In the present motion, Defendant argues that his attorney at the time he pled guilty advised him that the only way to obtain proper medical treatment for his kidney stones was to plead guilty. *Id.* at 6–7. And at oral argument on the motion, Defendant testified that he is legally innocent of the crime charged in Counts One and Three of the Indictment because he was unaware of the minor victims' age when he solicited sexually explicit material from them. He also argues that his desire to withdraw his guilty plea has been consistent, and only withdrawn in the past on the advice of his attorney. *Id.* at 8. And he argues that the risk he runs at trial—a realistic possibility of a life sentence—illustrates that the request is in good faith. *Id.* at 8–9.

**LEGAL STANDARD**

A criminal defendant may withdraw his guilty plea before sentencing if he can show "a fair and just reason" justifying the request. Fed. R. Crim. P. 11(d)(2)(B). Although the "fair and just reason" standard is applied liberally, withdrawal is not permitted "'simply on a lark.'" *United States v. McTiernan*, 546 F.3d 1160, 1167

(9th Cir. 2008) (quoting *United States v. Hyde*, 520 U.S. 670, 676–77 (1997)). A defendant need not show that his plea was invalid to establish a fair and just reason. *United States v. Davis*, 428 F.3d 802, 806 (9th Cir. 2005). Rather, fair and just reasons include "inadequate ... plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *McTiernan*, 546 F.3d at 1167 (quoting *Davis*, 428 F.3d at 805). "Erroneous or inadequate legal advice" may also constitute a fair and just reason. *Id.* In all cases, the Court must consider whether the defendant has asserted actual innocence of the crimes to which he pled guilty and "the amount of time which has passed between the plea and the motion." *Id.* (quoting Fed. R. Crim. P. 32 advisory committee's note to 1983 amendment). And when evaluating a motion to withdraw a guilty plea, a Defendant's statements made under oath during a plea colloquy are given great weight and a "presumption of verity." *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986).

**DISCUSSION**

Defendant's motion presents only one basis on which the Court could grant leave to withdraw his guilty plea: the alleged advice of his attorney that the only way to obtain medical care was to plead guilty. *See* ECF No. 114 at 4–7. Defendant also argues that his consistent desire to withdraw his plea and the risk he faces if convicted at trial are independent grounds on which the Court could grant relief. *See*

ECF No. 114 at 8–9. But while these latter arguments weigh on the equities of Defendant's request, they are not themselves reasons why he should be allowed to withdraw his guilty plea. Thus, Defendant can only prevail by showing that his decision to plead guilty simply to get medical care constitutes a "fair and just reason" to withdraw his plea. The Court concludes he has failed to do so.

At the hearing, Defendant argued for the first time that he is legally innocent of Counts One and Three of the Indictment, charging Attempted Production and Production of Child Pornography, to which he pled guilty. Specifically, Defendant testified that at the time he solicited sexually explicit photographs from the minor victims, he was unaware that they were younger than eighteen years old. This contention could have supported a narrow defense at trial. *See United States v. U.S. Dist. Court for Cent. Dist. of Cal.*, 858 F.2d 534, 544 (9th Cir. 1988) ("A defendant may avoid conviction [under § 2251] only by showing, by clear and convincing evidence, that he did not know, and could not reasonably have learned, that the [victim] was under 18 years of age."). However, Defendant conceded at the plea colloquy that the Government could prove the elements of the charges beyond a reasonable doubt, and that this belief formed the basis for his decision to plead guilty. ECF No. 60-1 at 22. In fact, Defendant testified that there was no doubt in his mind about the Government's ability to do so. *Id.* The Court gives these contemporaneous statements great weight. *Chizen*, 809 F.2d 562.

Second, Defendant waited nearly four months after entering his guilty plea to move, for the first time, to withdraw it. *See* ECF Nos. 36, 48. And in that motion Defendant argued that pain prevented him from making a voluntary plea, a theory that has since morphed into his current argument—that he pled guilty only to secure medical care—which he articulated for the first time more than a year and a half after the change of plea hearing. *See generally* ECF Nos. 48, 114. A fair and just reason justifying withdrawal is ordinarily one "that did not exist when the defendant entered his plea," and Defendant fails to persuasively explain his delay in raising this argument. *See McTiernan*, 546 F.3d at 1167 (quoting *Davis*, 428 F.3d at 805).

Third, Defendant's statements at the plea colloquy undermine his argument that he pled guilty simply to get medical care. Defendant never stated or implied that his decision to plead guilty was motivated by anything other than a voluntary choice to forego the risk of trial in favor of the relative certainty of the plea agreement offered by the Government. *See generally* ECF No. 60-1. Rather, Defendant's statements during the plea colloquy directly rebut this contention:

> THE COURT: Sir, is anyone forcing you to plead guilty today?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you making this plea freely and voluntarily?
>
> THE DEFENDANT: Yes.

ORDER MEMORIALIZING COURT'S RULING ON DEFENDANT'S MOTION TO CONTINUE SENTENCING - 8

> THE COURT: This is your decision?
>
> THE DEFENDANT: Yes, it is.
>
> THE COURT: It's not your attorney's decision or the Government's decision; is that correct?
>
> THE DEFENDANT: That is correct.

ECF No. 60-1 at 30. There is therefore little basis in the record to conclude that Defendant was improperly pressured to plead guilty. *See also United States v. Gonzalez*, 647 F.3d 41, 55–61 (2d Cir. 2011) (affirming trial court's denial of motion to withdraw guilty plea where Defendant's statements at plea colloquy contradicted later assertion that he was pressured to plead guilty by his attorney).

Defendant argues that his statements during the plea colloquy should be understood through the lens of his severe pain and desperation to access medical care at the time. But the undersigned, who presided over the change of plea hearing, did not perceive that Defendant was in any pain or otherwise limited in his ability to voluntarily decide to plead guilty. Defendant's attorney at that time likewise testified that he did not think Defendant was in such severe pain, even though on two prior occasions he cut meetings with Defendant short because of medical concerns. And the Court gives Defendant's statements under oath at the plea colloquy considerable weight in evaluating his argument. *Chizen*, 809 F.2d 562. In short, while the Court finds credible Defendant's assertion that he was in some degree of pain when he pled

guilty, the Court does not find credible his assertion that he pled guilty only to obtain medical care.[1]

## CONCLUSION

Defendant has failed to establish a fair and just reason why he should be permitted to withdraw his guilty plea. He waited more than eighteen months—until the eve of sentencing—to assert for the first time that he was pressured to plead guilty to obtain medical care, and he fails to explain the delay. More importantly, his argument is directly contradicted by his own statements during the plea colloquy, as well as his attorney's and the undersigned's memory of his condition at that time. The motion is denied.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant's Motion to Withdraw Guilty Plea, **ECF No. 114**, is **DENIED**.

---

[1] Defendant's argument that he thought the only way to obtain medical care was to plead guilty and be transferred to a federal prison facility is further undermined by the fact that a few days after the change of plea hearing, his attorney filed a formal motion seeking a Court order that the local jail schedule the follow-up surgery Defendant required. *See* ECF No. 40.

ORDER MEMORIALIZING COURT'S RULING ON DEFENDANT'S MOTION TO CONTINUE SENTENCING **-** 10

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 4th day of November 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge